## MADDOX *v.* REYNOLDS.

### Opinion delivered July 13, 1901.

1. REPLEVIN—FRAUDULENT CONVEYANCE—NOTICE.—Where the defendant in a replevin case admits that plaintiff purchased the goods from a vendee of the former owner, and alleges that such purchase was made with notice that the first sale was a fraud upon creditors, the burden is on defendant to show that such vendee and his subvendee both knew the fraudulent nature of the first sale, or had notice of facts which would have put a reasonably prudent man upon inquiry. (Page 542.)

2. FRAUD—PURCHASING EXCESSIVE AMOUNT OF DEBTOR'S GOODS.—The necessity which will justify a creditor in purchasing more of his debtor's goods than is necessary to discharge his demand, when

he has notice that the debtor intends to defraud other creditors, is a necessity growing out of the nature, situation or condition of the property, and not one created by the debtor's unyielding demand for cash. (Page 543.)

Appeal from Van Buren Circuit Court.

Brice B. Hudgins, Judge.

Replevin by J. W. Reynolds against W. S. Maddox, as sheriff. The goods sought to be recovered constituted part of a stock of goods which had been purchased by Reynolds from Dr. Steel, who purchased from Mrs. Neely, as surviving member of the insolvent firm of J. M. Bradford & Co. Through her husband as agent, Mrs. Neely had sold her entire stock of goods and her accounts to Dr. Steel for a sum not stated, but estimated to be about fifty cents on the dollar. The goods afterwards invoiced at $1,700, and the accounts amounted to $400. The consideration of the sale was the surrender of a note for $250 held by Dr. Steel, and the payment of the remainder of the purchase money in cash. A portion of the stock was sold by Dr. Steel to Reynolds, and was seized by the sheriff under writs of attachment sued out by creditors of J. M. Bradford & Co. There was a verdict for plaintiff, and defendant has appealed.

*Carroll Armstrong* and *J. F. Sellers,* for appellant.

The sale was fraudulent. The refusal of the debtor to sell less than the whole stock was notice to the creditor of the fraud. 64 Ark. 373; 47 Fed. 758; 6 S. W. 560; 4 S. W. 562; 16 S. W. 1012; 30 Kan. 693; 40 Kan. 18; 49 Kan. 23; 83 Mo. 518; 3 McCrary, 638. The first instruction for appellee was erroneous. 50 Ark. 292; 53 N. Y. 465; 8 Am. & Eng. Enc. Law, 841; 1 Rice, Ev. 123; 132 S. W. 376. The second instruction for appellee is also erroneous. 60 Ark. 425; 64 Ark. 373; 47 Fed. 758; 34 N. J. Eq. 188; 32 S. W. 367; 25 Ill. App. 445.

*J. H. Harrod,* for appellee.

The instructions as to the purchase of goods by creditor are correct. 60 Ark. 433. The verdict, being supported by the evidence, will not be disturbed here. 19 Ark. 684.

Wood, J. We find no error in the first instruction given by the court on the motion of the plaintiff (appellee). It fairly covers the issues made by the pleadings and proof. It is as follows: "Gentlemen of the jury: The plaintiff, Reynolds, brings

this suit for replevin against W. S. Maddox for certain goods and merchandise, claiming to be the owner thereof. The defendant admits that the plaintiff was in possession of the goods in question, claiming title thereto by reason of a sale of said goods to said Reynolds by Dr. Steel. Defendant further admits that Dr. Steel bought said goods of and from Mrs. Neely, but avers that said sale of goods by Mrs. Neely to Dr. Steel was fraudulent, and therefore void, and that plaintiff, Reynolds, had knowledge of such fraud, or such knowledge as to put a reasonably prudent person on inquiry, and that he (plaintiff) could have learned by reasonable inquiry of such fraud before paying for said goods. These admissions and averments in defendant's answer, and the statements of counsel here in open court, place the burden of proof on the defendant. Now, if you find from a preponderance of the evidence that Mrs. Neely, or her agent, sold these goods to Dr. Steel with the fraudulent intent to cheat, hinder or delay the creditors of the firm of J. M. Bradford & Co. in the collection of their debts, and that Dr. Steel, at the time of said sale, had knowledge of said fraudulent intent, or had such knowledge of facts as would put a reasonably prudent man upon inquiry, and that, by making proper inquiry, he could have learned of such fraudulent intent on the part of Mrs. Neely, or her agent, and that Dr. Steel sold said goods to the plaintiff herein, J. W. Reynolds, and that the said Reynolds had knowledge of such fraudulent intent on the part of Mrs. Neely, or her agent, or knowledge of such facts as would put a reasonably prudent man upon inquiry, and that upon making inquiry he could have learned of such fraudulent intent upon the part of Mrs. Neely, or her agent, at or before paying for the goods, you will find for the defendant, Maddox; if you fail to so find from a preponderance of the evidence, you should find for the plaintiff."

The second instruction given by the court on motion of appellee was not the law. It is as follows: "The court further instructs you that although you may find that Mrs. Neely, or her agent, sold said goods with fraudulent intent to cheat, hinder, or delay the creditors of J. M. Bradford & Co. in the collection of their debts, and that Dr. Steel had sufficient knowledge to put him upon inquiry, or even if he had full knowledge of this fraudulent intent, still this would not authorize you to find for the defendant, Maddox, provided you should further find that Dr. Steel made the purchase in good faith, and paid a reasonably fair price therefor, in order to collect a debt due him from the said Mrs. Neely for

money loaned her, to be used in the business carried on by the firm of Bradford & Co., of which she was a member, and that Dr. Steel believed that it was necessary to make such purchase in order to collect said debt, and that a reasonably prudent man, situated as he was, would have so believed, and that he made said purchase for this purpose alone, and that, too, after trying to collect said debt without purchasing more of said goods than was necessary to extinguish his claim."

Steel testified: "I tried to get Mrs. Neely to let me have enough goods to pay her note to me, but she would not do so; and I was compelled by her to take the entire stock, in order to collect my debt, but suppose she would have let me have the amount of my debt in goods, if I had bought as another customer. The goods were susceptible of a division if she had consented." The necessity which compels the purchase of more goods than necessary to satisfy the creditor's demand, spoken of in *Wood* v. *Keith,* 60 Ark. 425, is not a necessity "created by the debtor's unyielding demand for cash, but a reasonable necessity, arising from the nature, situation, or condition of the property." *Levy* v. *Williams,* 79 Ala. 171. This court, in *Christian* v. *Greenwood,* 23 Ark. 258, through Judge Fairchild, said: "Although the law will not restrict a creditor from buying enough property from a failing or fraudulent debtor to pay the whole debt, or from buying all the debtor's property, and applying it to the extinguishment of the debt, as far as it will go, the buyer must allow a fair price for the property, and must not buy more than is necessary for his own protection." And again, through Judge Riddick, in *Carl & Tobey Company* v. *Beal & Fletcher Company,* 64 Ark. 373: "If, having notice of his debtor's dishonest purpose, he [the creditor] purchases property largely in excess of his own demands, paying therefor in cash, when the nature of the property does not make it necessary that he should purchase more than the amount of his own claim, the law will not uphold the transaction."

The instruction given contravenes this doctrine. It would allow the creditor to act on his own belief, superinduced by the conduct of the debtor in refusing to pay unless the creditor purchased the entire stock of goods, when the nature and condition of the goods themselves did not make such purchase necessary at all for the payment of the debt. The law does not give the dishonest debtor such power as that. For the error indicated, reversed and remanded for a new trial.